IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| **KAREN MAYLE,** | ) |
| *Plaintiff* | ) ) ) |
| v. | ) Case No. 1:17-CV-151 (Keeley) ) |
| **STANDARD INSURANCE COMPANY,** | ) ) |
| *Defendant* | ) |

ELECTRONICALLY FILED
Sep 06 2017
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendant and removing party, STANDARD INSURANCE COMPANY ("Standard"), by its attorneys, Brian D. Morrison of Anspach Meeks Ellenberger LLP, and Jacqueline J. Herring of Smith, von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Northern District of West Virginia, Clarksburg Division, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:[1]

1. Standard is the defendant in the action captioned *Karen Mayle v. Standard Insurance Company*, Case No. 17-C-48, pending in the Circuit Court of Taylor County, West Virginia. Plaintiff Karen Mayle commenced this action on August 2, 2017 by filing her Complaint in the Circuit Court of Taylor County.

2. On August 7, 2017, Standard was served with a Summons and Complaint by certified mail. A copy of the docket sheet from the Circuit Court of Taylor County and all process, pleadings and orders served upon Standard are attached as Exhibit A.

3. Based on the date of service of the Summons and Complaint, Standard is required to file its Notice of Removal on or before September 6, 2017. Because Notice of Removal has

---

[1] Attorney Jacqueline J. Herring is pending admission as a Visiting Attorney.

been filed on or before September 6, 2017, Standard's Notice of Removal is timely filed pursuant to 28 U.S.C. §§1441 and 1446. A copy of the Notice of Filing Notice of Removal to be filed with the Circuit Court of Taylor County is attached as Exhibit B.

4. Standard removes this action under 28 U.S.C. §1441 *et seq.* based on federal diversity jurisdiction pursuant to 28 U.S.C. §1332. The United States District Court for the Northern District of West Virginia, Clarksburg Division is the appropriate venue for removal of this action from the Circuit Court of Taylor County, West Virginia.

5. Plaintiff resides in this district and is a citizen of the State of West Virginia. (Compl. ¶ 4). Standard is a corporation organized under the laws of the State of Oregon with its principal place of business in Portland, Oregon. Standard, therefore, is a citizen of Oregon. Accordingly, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. §1332.

6. In her Complaint, Plaintiff seeks payment of disability insurance benefits beginning June 12, 2015 under a Group Short Term Disability Insurance Policy ("Group STD Policy") and a Group Long Term Disability Insurance Policy ("Group LTD Policy") issued by Standard to the West Virginia Public Employees Insurance Agency, tort damages for alleged violation of West Virginia's Unfair Trade Practices Act ("UTPA"), attorneys' fees, and punitive damages. (Compl. ¶¶ 1-3, 15-19, 29-31, 34, 36, 44, 50-51, 53, 65-73, Wherefore Clause). A copy of the Group STD Policy Certificate is attached as Exhibit C and a copy of the Group LTD Policy is attached as Exhibit D.

7. For purposes of calculating the amount in controversy, the value of Plaintiff's claim for "recovery of short-term and long-term disability benefits due" is $39,874.93. (Compl.,

Wherefore Clause ¶ 1). Plaintiff's gross monthly potential LTD Benefit is $1,614.20.[2] The amount of LTD Benefits Plaintiff alleges are due from June 12, 2015 to the filing of her Complaint on August 2, 2017 is $32,014.97.[3] Plaintiff's gross weekly potential STD Benefit is $372.51, and benefits are payable for 21 weeks and 3 days, for a total of $7,859.96 in STD Benefits.[4]

8.  In addition to her claim for "benefits due," Plaintiff also asserts a claim for "recovery of ongoing and future disability benefits in an amount exceeding $25,000." (Compl., Wherefore Clause ¶ 2). The combined value of Plaintiff's claims for insurance "benefits due" and "ongoing" benefits exceeds $64,874.93 ($39,874.93 + $25,000).

9.  Plaintiff further seeks additional tort damages, including attorneys' fees, punitive damages, and damages for "net economic loss" and "aggravation and inconvenience." (Compl. Wherefore Clause ¶¶ 4-7). Plaintiff's claim for attorneys' fees is presumptively valued at one-third of the insurance benefits claim, which is $21,624.98. See *Woods v. Nationwide Mut. Ins. Co.*, No. 5:05CV165, 2006 WL 1706040, at *2 (N.D. W.Va. June 16, 2006) (citing *Hayseeds v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 80 (W.Va. 1986)); *Richardson v.*

---

[2] Plaintiff had an annual salary of $27,672. (Ex. E, Employer's Statement). Predisability Earnings are the monthly rate of earnings, which for Plaintiff was $2,306 ($27,672 / 12). (Ex. D, Group LTD Policy, pg. STND000694). The monthly LTD Benefit for employees enrolled in Plan 2 coverage is 70% of the first $8,571 of Predisability Earnings, or $1,614.20. (Ex. D, Group LTD Policy, pg. STND000669). Citations to "STND0_" are to the last six digits of the Bates number beginning STND 17-03771-.

[3] The LTD Group Policy's Benefit Waiting Period during which no benefits are payable is 180 days, which expired December 8, 2015. (Ex. D, Group LTD Policy, pg. STND000689; Ex. F, 9/15/16 Letter, pg. STND000741). LTD Benefits in controversy are $32,014.97 ($1,614.20 x 19) + (($1,614.20 / 30) x 25 days).

[4] Predisability Earnings under the Group STD Policy are the weekly rate of earnings, which for Plaintiff was $532.15 ($27,672 / 52). (Ex. C, Group STD Policy Certificate, pg. STND000056-57). The weekly STD Benefit is 70% of the first $1,071 of Predisability Earnings, or $372.51. (Ex. C, Group STD Policy Certificate, pg. STND000047). The Maximum Benefit Period is 180 days minus the 30-day Benefit Waiting Period. (Ex. C, Group STD Policy Certificate, pg. STND000053). Total potential STD benefits are $7,859.96 ($372.51 x 21) + (($372.51 / 30) x 3 days).

*Kentucky Nat. Ins. Co.*, 216 W.Va. 464, 607 S.E.2d 793, 801 (W.Va. 2004).  Attorneys' fees are recoverable by statute under the UTPA and by common law, "both of which count towards satisfying the minimum amount in controversy."  *Woods*, 2006 WL 1706040, at *2.

10.     Plaintiff's claim for insurance benefits and attorneys' fees, totaling more than $86,000 alone exceeds the $75,000 jurisdictional minimum required for diversity jurisdiction.  Plaintiff's additional demand for punitive damages and other tort damages further increases the amount in controversy.  See *Woods*, 2006 WL 170640, at *2.

11.     Complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  This Court has original jurisdiction over this action based on diversity jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, STANDARD INSURANCE COMPANY, requests that the above titled action be removed from the Circuit Court of Taylor County, West Virginia, to the United States District Court for the Northern District of West Virginia, Clarksburg Division.

|  | Respectfully submitted, |
|---|---|
| Brian D. Morrison (WV Bar # 7489)<br>ANSPACH MEEKS ELLENBERGER LLP<br>517 9th St. Ste. 1000<br>Huntington, WV 25701<br>P:  304-522-1138  |  F:  304-522-9528<br>bmorrison@anspachlaw.com<br><br>Jacqueline J. Herring (IL-6282246)<br>SMITH | VON SCHLEICHER + ASSOCIATES<br>180 N. LaSalle St. Suite 3130<br>Chicago, Illinois 60601<br>P:  312-541-0300  |  F:  312-541-0933<br>jackie.herring@svs-law.com | By: /s/ *Brian D. Morrison*<br>Attorney for Defendant,<br>Standard Insurance Company |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | |
|---|---|
| **KAREN MAYLE,** | ) |
| *Plaintiff* | ) |
| | ) Case No. 1:17-CV-151 (Keeley) |
| *v.* | ) |
| **STANDARD INSURANCE COMPANY,** | ) |
| *Defendant* | ) |

### CERTIFICATE OF SERVICE

    I hereby certify that on September 6, 2017, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system.  I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 517 9th St. Ste. 1000, Huntington, WV:

Ethan Vessels
Fields, Dehmlow & Vessels LLC
309 Second Street
Marietta, Ohio 45750

/s/ Brian D. Morrison
ANSPACH MEEKS ELLENBERGER LLP
517 9th St. Ste. 1000
Huntington, WV 25701
P:  304-522-1138  |  F:  304-522-9528
bmorrison@anspachlaw.com
(WV Bar # 7489)

5